# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ADDYSEN L. MURRIETA                                                                    PLAINTIFF
ADC #160745

v.                              5:16CV00350-BSM-JJV

WENDY KELLEY, Director, Arkansas
Department of Correction; *et al*.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Addysen L. Murrieta ("Plaintiff") is incarcerated at the Delta Regional Unit of the Arkansas Department of Correction and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff alleges prison security staff violated his constitutional rights by retaliating against him for having filed grievances against them. (*Id*. at 3-4). Defendants Goins and Andrews have now moved for summary judgment, arguing Plaintiff failed to first exhaust his administrative remedies before filing his lawsuit. (Doc. No. 18.) Plaintiff has not responded, and this matter is ready for a decision. After careful consideration of the pleadings, for the following reasons, I find Defendants' Motion should be GRANTED and this matter dismissed without prejudice.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at

3

218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by Administrative Directive 14-16. (Doc. No. 18-2.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id*. at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-13.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5-6.)

Defendants have provided the declaration of ADC Inmate Grievance Supervisor Barbara Williams. (Doc. No. 18-1.) Ms. Williams states, "I have reviewed my grievance appeals files regarding inmate Addysen L. Murrieta, ADC # 160745. More specifically, I reviewed Inmate Murrieta's grievance history from August 3, 2016 through the date this lawsuit was filed on November 17, 2016." (*Id.* at 3.) Ms. Williams says her search revealed that "Inmate Murrieta did not file and fully exhaust a single grievance naming [Defendant] Andrews." (*Id.* at 4.) She says, "A review of Inmate Murrieta's grievance history conclusively proves that from August 3, 2016, through November 17, 2016, the [*sic*] Inmate Murrieta failed to fully exhaust a grievance against [Defendant] Andrews." (*Id.*)

With regard to Defendant Goins, Ms. Williams states that Plaintiff did file one grievance against her, grievance RLW-16-00261 (*Id.*), but the grievance was never fully exhausted. "Inmate Murrieta's appeal of Grievance # RLW-16-00261 was rejected because Inmate Murrieta failed to attach his Unit Level Grievance Form to his appeal. Inmate Murrieta did not receive a decision on

the merits of Grievance # RLW-16-00261." (*Id.* at 4-5.)  Ms. Williams concludes, "Inmate Murrieta, therefore, did not properly exhaust his administrative remedies against [Defendant] Goins." (*Id.*)

Defendants have attached grievance RLW-16-00261. (Doc. No. 18-3.) The grievance was in fact rejected because Plaintiff failed to "send all the proper Attachments." (*Id.* at 2.) A stamp marking the document states, "Failure to Follow Policy Has Resulted In A Rejection For This Appeal And Marks The End Of The Appeal Process." (*Id.*)

Based on the foregoing, I conclude that Plaintiff failed to exhaust his administrative remedies against Defendants Andrew and Goins. Therefore, the Motion for Summary judgment should be GRANTED.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 18) be GRANTED.

2. This cause of action be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 6th day of March, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5